IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Doris M. Thornton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| v. | ) | cv - 2014 - 217 |
| | ) | |
| Midland Funding, LLC | ) | |
| & Midland Credit Management | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW the Plaintiff, by and through her attorney, and avers against the Defendants the following:

## INTRODUCTION

1. This case arises out of the Defendants' deceitful and unfair actions related to its efforts to collect an alleged consumer debt from the Plaintiff.

2. Defendants' actions violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (hereinafter "FDCPA"), and constituted tortious conduct according the laws of the State of Alabama.

## PARTIES

3. Plaintiff is a resident citizen of Mobile County, Alabama and is over nineteen years of age.

4. Defendant Midland Funding, LLC is a Delaware limited liability company engaged in the business of buying and collecting consumer debts, with its principal place of business located at 8875 Aero Drive, Ste 200, San Diego, CA 92123.

5. Defendant Midland Credit Management, Inc. is a Kansas Corporation engaged in the business of buying and collecting consumer debts, with its principal place of

business located at 8875 Aero Drive, Ste 200, San Diego, CA 92123.

6. The principal purpose of Defendants is the collection of debts using the mails and telephone, and Defendants regularly attempt to collect debts alleged to be due another.

7. Defendants are "debt collectors" according to 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 15 U.S.C. §1692k(d) to hear Plaintiff's FDCPA claims in this matter.

9. This Court has personal jurisdiction over the Defendants because the Defendants have engaged in direct communications attempting to collect debts from Alabama citizens dwelling within this state.

10. Venue is proper as substantially all of the events or omissions giving rise to the Plaintiff's claims occurred within this district.

## FACTUAL ALLEGATIONS

11. At all times relevant to this proceeding, the Defendants were acting in an attempt to collect from the Plaintiff a debt allegedly owed to HSBC Bank Nevada, N.A.

12. At various times throughout this proceeding, Defendant Midland Funding was acting through its affiliate, Midland Credit Management, (hereinafter "MCM") though at no point was the corporate relationship between Midland Funding and Midland Credit Management explained to the Plaintiff.

13. On or about November 28, 2010, Defendant Midland Funding, acting through its collection attorneys, Holloway & Moxley, filed a lawsuit against the Plaintiff in the Small Claims Court of Mobile County, Alabama, in Case No. 02-SM-2010-902802.00, styled "Midland Funding, LLC v. Doris Thornton."

14. During January of 2011, the Plaintiff entered settlement negotiations with the Defendants.

15. On February 15, 2011, the Plaintiff entered into a settlement agreement with Defendants whereby Plaintiff would regularly make payments on the alleged debt until the balance was paid in full.

16. The letter from Defendants confirming the settlement agreement referred to the Small Claims Court case as "Midland Credit Mgmt, Inc v. Thornton," Case No. SM-2010-902802. See attached Exhibit B.

17. The Plaintiff performed her end of the bargain and by September 2013, made her

final payment under the settlement agreement, forever discharging her liability on the alleged debt.

18. On September 29, 2013, Defendant Midland Funding, acting through its affiliate MCM, sent Plaintiff a letter confirming the completion of Plaintiff's performance. The letter, a copy of which is attached as Exhibit A, stated that as of September 29, 2013, the Plaintiff's balance was "$0.00," and further stated "You have no further financial obligation regarding" the account.

19. That statement was true: Plaintiff did in fact have no further obligation to Defendants.

20. Unbeknownst to the Plaintiff, while she had been diligently making her payments pursuant to the settlement agreement, Defendants went proceeded to take a default judgment against her on or about May 24, 2011.

21. This judgment lingered unenforced for over two years.

22. Pursuant to the settlement agreement, the judgment should never have been entered.

23. Even if the judgment was valid when entered, upon the Plaintiff's completion of her payments pursuant to the settlement agreement, the judgment was satisfied and Defendants should have promptly updated court, probate, and credit records to reflect that fact.

24. On or about January 3, 2014, the Defendants served a writ of garnishment upon the Plaintiff's employer.  See attached Exhibit C.

25. The garnishment was issued on the default judgment obtained in May 2011 – in the same case that was settled and paid off by Defendant.

26. Alabama Rule of Civil Procedure 64A requires that a garnishment be served upon the Defendant, and that the Defendant be concurrently notified of her rights to claim exemptions.

27. Defendants did not serve Plaintiff with notice of the garnishment, and she did not discover it until her employer notified her that her paycheck would be reduced due to the garnishment.

28. Instead, Defendants served the garnishment upon the undersigned counsel, who at the time was a third party completely unrelated to the Plaintiff.

29. The garnishment was illegal because it was issued upon a judgment that was either void *ab initio* or satisfied no later than September 29, 2013.

30. As of February 12, 2014, the Defendants had wrongfully taken $524.01.  The

Plaintiff's wages continue to be garnished.

31. The Plaintiff does not have high income and the loss of such a large portion of her paycheck has done and continues to do significant damage to her ability to survive.

32. As a direct result of the unlawful garnishment, the Plaintiff has suffered and continues to suffer stress, fear, embarrassment, needless anxiety, time away from work and family to try and deal with this issue, and damages to her mental and physical health.

33. The above allegations are re-alleged and incorporated by reference.

34. The Fair Debt Collection Practices Act forbids a debt collector from making any false statement in the collection of a debt.  15 U.S.C. §1692e.

35. The FDCPA also forbids the use of any unfair or unconscionable means of collecting a debt.  *15 U.S.C. §1692f.*

36. The Defendants' unlawful collection activities violated 15 U.S.C. §1692e in the following ways:

    a) By informing the Plaintiff, the state court, and the Plaintiff's employer that money was owed to the Defendants when in fact it was not;

    b) By attempting to collect a debt not actually owed;

37. The Defendants violated 15 U.S.C. §1692c by communicating the Plaintiff's private information to third parties, namely, the undersigned counsel at a time when he had never met or heard of the Plaintiff.

38. The Defendants' unlawful collection activities violated 15 U.S.C. §1692f in the following ways:

    a) By collecting amounts not actually owed;

    b) By failing to provide the Plaintiff with notice of her exemption rights as required by state law;

    c) By failing to serve the garnishment upon the Plaintiff as required by state law;

39. Both Defendants are experienced debt collectors that are fully aware of their duties under the law.

40. Nonetheless, Defendants deliberately or recklessly disregarded their duties.

41. Defendants are liable to the Plaintiff for declaratory judgment that

Defendants' conduct violated the Act, Plaintiff's actual damages, statutory damages, court costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

### SECOND CAUSE OF ACTION: BREACH OF CONTRACT

42. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

43. The settlement agreement between Plaintiff and Defendants' collection attorneys described in Exhibit B was a binding contract between the Plaintiff and the Defendants.

44. The terms of the contract were: that if the Plaintiff made her payments as promised, the Defendants would forever release her from liability on that account.

45. The Plaintiff did in fact perform her obligations under the contract.

46. The Defendants, however, breached the contract by issuing a writ of garnishment upon the Plaintiff for the judgment that was settled by the agreement, and thereby taking her wages.

47. As a result of this breach, the Defendants have wrongfully taken hundreds of dollars of the Plaintiff's hard-earned wages, and have greatly damaged her thereby.

48. The damage to the Plaintiff is not limited to the amount of money taken, for she has been damaged in the following ways:

    a) She has been made to hire an attorney to help her deal with this matter.

    b) Her personal, private financial information has been needlessly and wrongfully disclosed to her employer and co-workers and other third parties.

    c) She has had to spend time away from work and family to help deal with this.

    d) She has suffered damage to her reputation, creditworthiness, and mental and physical health.

    e) The lack of 25% of her paycheck has caused her to forego or become delinquent on other financial obligations, causing much consequential damage.

WHEREFORE, PREMISES CONISDERED, Your Plaintiff respectfully prays this

Honorable Court Issue an Order against the Defendant for the following:

1. Actual damages arising from the wrongful garnishment and Defendant's violations of the Fair Debt Collection Practices Act;
2. Statutory damages of One Thousand Dollars ($1000) for each of Defendant's violations of the Fair Debt Collection Practices Act;
3. Compensatory and consequential damages arising from the Defendants' breach of contract;
4. Costs and reasonable attorneys fees incurred in bringing this action;
5. For such other, further, and general relief as Your Honor deems just and proper;

**A TRIAL BY A STRUCK JURY IS DEMANDED.**

RESPECTFULLY SUBMITTED this the 12th Day of May, 2014.

/s/ Judson E. Crump
Judson E. Crump [CRU021]
Attorney for Plaintiff

Judson E. Crump, P.C.
PO Box 2769
Daphne, Alabama 36526
251.272.9148
judson@judsonecrump.com